In re Blaine A. WHITE, Respondent.

A Member of the Bar of the District of Columbia Court of Appeals.

Nos. 92–BG–608, 92–BG–1161.

District of Columbia Court of Appeals.

Submitted June 16, 1997.

Decided Aug. 7, 1997.

Before FARRELL, RUIZ and REID, Associate Judges.

PER CURIAM:

In this uncontested case, the Board on Professional Responsibility (the "Board") recommends that Blaine A. White be disbarred under D.C.Code § 11–2503(a) (1995), on the ground that he was convicted of a crime involving moral turpitude. We adopt the recommendation of the Board. *See* D.C. Bar R. XI, § 9(g)(1) (1997) (requiring this court to "adopt the recommended disposition of the Board unless to do so would foster a tendency toward inconsistent dispositions for

comparable conduct or would otherwise be unwarranted").

## I.

Respondent, Blaine A. White, was admitted to the District of Columbia Bar in October 1985.[1] He was convicted by a jury in the United States District Court for the District of Columbia of passport fraud, in violation of 18 U.S.C. § 1542 (1988) (willfully and knowingly making false statements in application for passport with intent to secure a United States passport), and of aiding and abetting in same, in violation of 18 U.S.C. §§ 1542 and 2. The conviction stems from a November 1989 scheme to assist his client, Harold Linden, a Canadian citizen and a fugitive from British authorities, in fraudulently obtaining a United States passport. Specifically, the respondent (1) used his position as an attorney to provide Mr. Linden with the birth certificate of William Smith Baldwin, a recently deceased judge, for use as a false name on the passport, (2) provided Mr. Linden with a false social security number for the passport application, and (3) submitted an affidavit fraudulently stating that he had known Mr. Linden for five years and that he believed him to be a U.S. citizen.[2] On May 13, 1992, respondent was sentenced to one year of imprisonment for each offense, to run concurrently, followed by two years of supervised probation. The United States Court of Appeals for the District of Columbia Circuit affirmed the respondent's conviction and sentence.

On May 22, 1992, pursuant to D.C. Bar R. XI, § 10(c), this court suspended the respondent from the practice of law in the District of Columbia pending the final disposition of the disciplinary proceedings in this jurisdiction. The court directed the Board to "review the elements of the crime for which the respondent was sentenced for the purpose of determining whether or not the crime involves moral turpitude within the meaning of D.C.Code § 11–2503(a)."[3] Under D.C.Code § 11–2503(a)

> When a member of the bar of the District of Columbia Court of Appeals is convicted of an offense involving *moral turpitude*, and a certified copy of the conviction is presented to the court, the court shall, pending final determination of an appeal from the conviction, suspend the member of the bar from practice.... If a final judgment of conviction is certified to the court, the name of the member of the bar so convicted shall be struck from the roll of the members of the bar and such person shall thereafter cease to be a member....

(Emphasis added).[4] On November 6, 1992, the Board "conclud[ed] that 18 U.S.C. § 1542 and § 2 ... do not involve moral turpitude *per se*." Accordingly, the Board referred the matter to a hearing committee for a determination as to whether under the facts in this

1. He was also admitted to the Bar of the United States District Court for the District of Columbia and the Pennsylvania bar.

2. The trial court found that respondent also received financial payment for his part in the scheme.

3. The respondent was disbarred by the United States District Court for the District of Columbia on September 9, 1992. Also, respondent was suspended for five years from the practice of law by the Supreme Court of Pennsylvania, effective October 5, 1993. Based on the disbarment by the United States District Court, this court issued a second order of suspension on October 19, 1992, pursuant to Rule XI, § 11(d). We directed the Board to "recommend promptly ... whether reciprocal discipline should be imposed or whether the Board, instead, elects to proceed *de novo* pursuant to Rule XI, § 8." In light of the Board's recommendation that the respondent be disbarred because his crimes involved moral tur-

pitude, it is unnecessary for us to decide whether the same sanction should be imposed as reciprocal discipline. Therefore, we agree with the Board that the reciprocal discipline proceedings against the respondent should be dismissed.

4. 18 U.S.C. § 1542, under which the respondent was convicted, provides:

> Whoever willfully and knowingly makes any false statement in an application for passport with intent to induce or secure the issuance of a passport under the authority of the United States, either for his own use or the use of another, contrary to the laws regulating the issuance of passports or the rules prescribed pursuant to such laws; or
> Whoever willfully and knowingly uses or attempts to use, or furnishes to another for use any passport the issue of which was secured in any way by reason of any false statement—
> Shall be fined not more than $2,000 or imprisoned not more than five years or both.

case, the respondent was convicted of a crime of moral turpitude.[5]

The hearing committee determined that the acts which led to the respondent's felony conviction warrant a finding of moral turpitude.

> [T]he Committee conclude[d] that respondent not only embarked on a scheme to perpetrate an intentional fraud on the Passport Office of the U.S. Department of State, but that as part of that scheme he perjured himself in the testimony which he gave at the criminal trial. This scheme rose far above the level of mere dishonesty; rather [respondent] engaged in base and vile misconduct.

Further, the hearing committee found that the respondent

> carefully and with premeditation concocted his scheme to deceive the government into giving his client a passport. He decided to use his position as attorney fraudulently to obtain a birth certificate from public records, then purloined the social security number of one of his firm's clients to be used in the passport application and then lied under oath to the Passport Office as to the period he had known Linden and that he was sure of his identity. But this was not the end of it. He then furthered his fraudulent scheme by lying under oath to the court trying him for his crime.

Thus, the committee concluded that the respondent violated D.C.Code of Professional Responsibility DR 1–102(A)(3) (engaging in illegal conduct involving moral turpitude that adversely reflects on his fitness to practice law); and DR 1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). Based on the Hearing Committee's findings, the Board recommends to the court that the respondent be disbarred under D.C.Code § 11–2503. The respondent has not filed an exception to the Board's recommendation.

## II.

We agree that under the facts of this case, the respondent was convicted of a crime of moral turpitude.[6] "Once moral turpitude is established, the statute leaves the court no discretion to impose a ... sanction [less than disbarment]." *In re Sneed,* 673 A.2d 591, 594 (D.C.1996) (citing *In re Colson,* 412 A.2d 1160, 1168 (D.C.1979)).

It is therefore ORDERED that pursuant to D.C.Code § 11–2503(a) (1995), respondent, Blaine A. White, shall be disbarred from the practice of law in the District of Columbia, *nunc pro tunc* to July 1, 1992.[7] *See* D.C. Bar R. XI, §§ 14(f) and 16(a).

*So ordered.*

---

**5.** In *In re McBride,* 602 A.2d 626, 634–35 (D.C. 1992) (en banc) (*McBride II*), we said, "the Board on Professional Responsibility shall initially consider, ... whether the crime inherently involves moral turpitude (*i.e., per se*) or, if not, whether it involves moral turpitude on the facts."

**6.** We need not decide whether 18 U.S.C. § 1542 and § 2 involve moral turpitude *per se.*

**7.** Since the respondent substantially complied with Rule XI, § 14(g) by filing an affidavit at the time of his temporary suspension, he is entitled to *nunc pro tunc* consideration.